

# Blachly, Tabor, Bozik & Hartman, LLC

February 26, 2018

Randall J. Zromkoski
Craig R. Van Schouwen
Jeffrey S. Wrage
Ethan S. Lowe

■

Scott R. Bozik
Angelica C. Schultis
Colby A. Barkes
Christopher Ripley

■

OF COUNSEL
Duane W. Hartman
David L. Hollenbeck
Kingsley G. Regnier
Patrick Lyp

■

Quentin A. Blachly
(1934-1997)

James S. Bozik
(1935-2012)

Glenn J. Tabor
(Retired)

■

56 Washington, Suite 401
Valparaiso, IN 46383
219.464.1041
219.464.0927 fax

■

Lake County Office
219.738.2824

■

Fort Wayne Office
260.459.3288

■

BTBHLaw.com

Richard C. McCrea, Jr.
Nicholas S Andrews
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, FL 33602
*Via regular mail and email:* mccrear@gtlaw.com, andrewsni@gtlaw.com

Scott E. Andres, Esq.
DUE DOYLE FANNING & ALDERFER, LLP
8440 Allison Pointe Blvd, Suite #350
Indianapolis, IN 46250
*Via regular mail and email:* sandres@duedoyle.com

RE:  **Taylor (Smith) Burks v. Checkers Drive-In Restaurants, Inc. d/b/a Rally's
Cause No.  3:17-cv-316 PPS-MGG**

Dear Counsel:

On Feb. 2, 2018, we received by regular mail the discovery requests Defendant's propounded upon the Plaintiff on Jan. 29th. By our calculation, Plaintiff's discovery responses are due no later than Monday, March 5, 2018, pursuant to Fed. R. Civ. Pro. Rules 6(a)(1)(C) and 6(d). We forwarded them to our client for her responses, but despite due diligence will not be able to complete Plaintiff's answers to interrogatories and responses to the production requests by the deadline to do so. We request an additional 28 days to complete Plaintiff's discovery responses, making them due by Monday April 2, 2018. If Defendants have any objection to our request for additional time to respond, please contact me immediately.  If we do not hear from you we will assume there is no objection. We are sorry for any delay or inconvenience this may cause.

Separately, in response to my letter to you dated Jan. 25, 2018, pursuant to Local Rule 37-1, we received on Feb. 7, 2018, Defendant's "amended" responses and objections to Plaintiff's request for production of documents Unfortunately, Defendant's Amended Responses still do not comply with Fed. R. Civ. Pro. Rule 34(b)(2)(C), which requires a party to specifically state whether any responsive material was withheld based on any objection made. In an effort of compromise to settle this discovery dispute, we again respectfully request that Defendant comply with Rule 34(b)(2)(C). We respectfully ask that you supplement Defendant's prior responses to

**EXHIBIT 9**



**Blachly, Tabor, Bozik & Hartman, LLC**

Richard C. McCrea, Jr.
Nicholas S Andrews
GREENBERG TRAURIG, P.A.

Scott E. Andres, Esq.
DUE DOYLE FANNING & ALDERFER, LLP

February 26, 2018
Page 2

be compliant with Rule 34(b)(2)(C) by indicating in response to Requests #3, #4, #5, #7, #8, #9, #10, #11, #12, #13, #15, #16, #17, #18, #19, #21, #22, #24, #25, #27, #28, #29, #30, #45, #46, #47, #49, #50, #51, #52, #53, #54, #55, #56, #57, #58, #59 and #60 whether any responsive material was withheld to each and every one of these Requests based on Defendant's boilerplate objection, and request same be received in my office no later than Monday, March 12, 2018. As of the date of this letter, you have failed to provide me with legal authority from the Seventh Circuit to the contrary.

The intent behind the 2016 change to the federal rules concerning producing documents was to eliminate the Court's consideration of briefs and oral argument to Compel production of documents ultimately determined not to exist. If I do not receive Defendant's supplemental Response by March 12, 2018, I will assume you are not going to correct your omission in responding to each of Requests #3, #4, #5, #7, #8, #9, #10, #11, #12, #13, #15, #16, #17, #18, #19, #21, #22, #24, #25, #27, #28, #29, #30, #45, #46, #47, #49, #50, #51, #52, #53, #54, #55, #56, #57, #58, #59 and #60 and comply with Rule 34(b)(2)(C). Thereafter, regardless of whether after we have received Defendant's supplemental response to Plaintiff's First Request for Production of Documents, which specifically states whether any responsive documents have been withheld in compliance with Fed. R. Civ. Pro. Rule 34(b)(2)(C), Plaintiff will address other specific objections to Defendant's Responses to Plaintiff's discovery papers in further detail and if necessary file a Motion to Compel seeking our attorney's fees in making/filing Plaintiff's Motion.

       Very truly yours,
       **BLACHLY TABOR BOZIK & HARTMAN LLC**

       By: _____
         Colby A. Barkes, Esq.

CAB:cac

BTBHLaw.com