UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TAYLOR (SMITH) BURKS,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) Cause No: 3:17-cv-316<br>) |
| CHECKERS DRIVE-IN RESTAURANTS, INC.,<br>d/b/a RALLY'S and WELLSPRING CAPITAL<br>MANAGEMENT INC., d/b/a RALLY'S,<br>    Defendants. | )<br>)<br>)<br>)<br>) |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, CHECKERS DRIVE-IN RESTAURANTS, INC.

TO:   Checkers Drive-In Restaurants, Inc.
       c/o Richard C. McCrea, Jr.
       Sara G. Sanfilippo
       GREENBERG TRAURIG, P.A.
       101 E. Kennedy Boulevard, Suite 1900
       Tampa, FL 33602

    The Plaintiff, Taylor (Smith) Burks, by counsel, Colby A. Barkes of BLACHLY, TABOR, BOZIK & HARTMAN, LLC, propounds the following Requests for Production of Documents to Defendant, Checkers Drive-In Restaurants, Inc., which does business as Rally's, and requests Defendant produce the original or readable photocopies thereof of the following documents and/or things at the offices of Blachly, Tabor, Bozik & Hartman, 56 Washington Street, Suite #401, Valparaiso, Indiana 46383, within thirty (30) days from receipt thereof:

### DEFINITIONS

    "Document" shall mean the original and each non-identical copy of any printed, typewritten, handwritten, or otherwise recorded matter of whatever character, however produced or reproduced, or any other tangible permanent record, including, but not limited to, any written, typed, printed, recorded, photographic or graphic matter, including without limitation emails, letters, correspondence, communications, memoranda, telegrams, handwritten notes, typewritten notes,

-1-



periodicals, reports, records, audits, notices, minutes, agendas, studies, logs, working papers, diaries (whether maintained in paper or electronic form), contracts, agreements, understandings, charts, checks, graphs, indices, lists, data sheets, drawings, sketches, maps, photographs, microfilm, diagrams, measurements, surveys, calculations, test results, computer programs, print-outs, pamphlets, catalogs, ledgers, studies, summaries, books, brochures, analyses, calendars, inter-office communications, statements, internet submissions, discussions or blogs, announcements, bulletins, instructions, manuals, brochures, schedules, invoices, mechanical and sound recordings, motion pictures, video or audio tapes, computer data recordings (on disk, tape, card or an other medium), notes, summaries or records of telephone conversations or interviews, opinions or reports of consultants, advisors or experts, statutes, governmental or departmental orders or regulations or any other physical object however produced or reproduced, now or formerly in the possession, custody, or control of the defendant(s); any carbon or photographic or photostatic copies of any such materials (if you do not have the original), and drafts of any such materials, as well as any meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure, and any other documents as defined in Rule 34. All electronically stored information should be produced in native format. You have not fulfilled your duties under Federal Rules of Civil Procedure, Rule 34 unless and until you also search your electronic databases for responsive documents.

"Electronic information" shall include, but not be limited to, emails, text messages, tweets, social media posts and pictures, voice messages, video and sound recordings, word processing documents calendar entries and data entries. You must also maintain electronic devices including, but not limited to, computers, laptops, tablets and all cellphones as well as memory on such electronic devices.

**"Defendant"** "you," "your," "yours," "yourself," and "Rally's" shall mean Checkers Drive-In Restaurants, Inc., which does business and as and is commonly referred to as Rally's, and shall include any and all of its agents, servants, managers, supervisors, administrators, directors, commissioners, human resources representatives and employees.

    NOTE A:    For the convenience of the court, the party making the responses should set out each response immediately after the request.

NOTE B: All of these requests for production shall be deemed continuing so as to require the supplemental answer if further information is obtained between the time of service of the answers and the time of trial.

NOTE C: These requests for production of documents are specifically relative to each other, and the party making answer shall provide the information sought as completely as possible, including that which is from its own knowledge and that in possession of any other source acting on its behalf stating the sources of information if other than its own.

## REQUESTS

REQUEST No. 1. Produce a complete copy of the personnel file created or maintained by Defendant or any of its agents, management or supervisory personnel, human resource representatives, directors, for and/or concerning the Plaintiff in connection to or arising from Plaintiff's employment at Defendant.
**RESPONSE:**

REQUEST No. 2. To the extent not already provided, produce all documents relating to Plaintiff's compensation and employee benefits including, but not limited to, employee's/ employer's contribution for health insurance, life insurance, dental and/or vision insurance, 401(k) or other retirement benefit plans, short-term disability policy, long-term disability policy, worker's compensation policy and any employee assistance programs.
**RESPONSE:**

REQUEST No. 3. Produce all documents relating to the cost of Defendant's contribution for any employment benefits to which any individual employed during the last three (3) years as a Shift Manager, and/or who participated in management training, at Defendant's restaurant located on Franklin Street in Michigan City, Indiana, was entitled to including without limitation health insurance, life insurance premiums, dental and/or vision insurance premiums, 401(k) or other retirement benefit plans, short-term disability policy, long-term disability policy, worker's compensation policy and any employee assistance programs.

**RESPONSE:**

REQUEST No. 4. To the extent not already provided, produce any and all emails, notes, memos or other documents created, received or copied to Defendant regarding the Plaintiff's employment, application for employment and/or termination of the employment relationship between Plaintiff and Defendant.

**RESPONSE:**

REQUEST No. 5. To the extent not already provided, produce any and all emails, notes, memos, letters, communications, correspondence, recordings (audio or video), data entries or statements created, received or in possession of any of Defendant's agents, servants, managers, supervisors, administrators, directors, human resources representatives concerning the Plaintiff and any and all of her applications, complaints, attendance and/or pregnancy.

**RESPONSE:**

REQUEST No. 6. Produce from the personnel file created and maintained by Defendant in regards to Gloria Reed any and all documents (excluding private and medical information) regarding her job application, references, employment history, training, promotion, progression, attendance, leave of absence, performance, audit, reviews, discipline, reprimand, coaching or counseling, suspension, termination, complaint and/or of or regarding Gloria Reed

**RESPONSE:**

REQUEST No. 7. To the extent not already provided, produce any and all emails, notes, memos or other documents created, received or copied to any of Defendant's agents, servants, managers, supervisors, administrators, directors, and/or human resources representatives during the past three (3) years concerning Gloria Reed.

**RESPONSE:**

REQUEST No. 8.  To the extent not already provided, produce any and all emails, notes, memos, letters, communications, correspondence, recordings (audio or video), data entries or statements created, received or in possession of any of Defendant's agents, servants, managers, supervisors, administrators, directors, human resources representatives concerning Gloria Reed during the past three (3) years.

**RESPONSE:**

REQUEST No. 9.  Produce from the personnel files created and maintained by Defendant for all males and non-pregnant females employed as a Shift Manager at Defendant's restaurant located on Franklin Street in Michigan City, Indiana, January 20, 2013 (two years prior to Plaintiff's date of hire) through the present, any and all documents (excluding private and medical information) regarding job application, references, date of hire, employment history, promotion, performance, attendance, leaves of absence, complaints, investigation, discipline, coaching or counseling, reprimand, suspension, termination and/or date of separation of employment.

**RESPONSE:**

REQUEST No. 10.  Produce from the personnel files created and maintained by Defendant for all males and non-pregnant females who participated in management training at Defendant's restaurant located on Franklin Street in Michigan City, Indiana, January 20, 2013 (two years prior to Plaintiff's date of hire) through the present, any and all documents (excluding private and medical information) regarding job application, references, date of hire, employment history, promotion, performance, attendance, leaves of absence, complaints, investigation, discipline, coaching or counseling, reprimand, suspension, termination and/or date of separation of employment.

**RESPONSE:**

REQUEST No. 11.  To the extent not already provided, produce any and all emails, notes, memos, letters, communications, correspondence, recordings (audio or video), data entries or statements created, received or in possession of any of Defendant's agents, servants, managers, supervisors, administrators, directors, human resources representatives concerning any and all

pregnant females employed as a Shift Manager at Defendant's restaurant located on Franklin Street in Michigan City, Indiana, from January 20, 2013 (two years prior to Plaintiff's date of hire) through the present.

**RESPONSE:**

REQUEST No. 12. To the extent not already provided, produce any and all emails, notes, memos, letters, communications, correspondence, recordings (audio or video), data entries or statements created, received or in possession of any of Defendant's agents, servants, managers, supervisors, administrators, directors, human resources representatives concerning any and all pregnant females who participated in management training at Defendant's restaurant located on Franklin Street in Michigan City, Indiana, from January 20, 2013 (two years prior to Plaintiff's date of hire) through the present.

**RESPONSE:**

REQUEST No. 13. Produce from the personnel file created and maintained by Defendant for any and all males hired by Gloria Reed and/or Robinson Petit-Bien for the position of Shift Manager at Defendant's restaurant located on Franklin Street in Michigan City, Indiana, from January 20, through the present any and all documents (excluding private and medical information) regarding job application, references, employment history, payroll history, promotion, progression, performance, reviews, attendance, leaves of absence, complaints, investigation, discipline, coaching or counseling, reprimand, suspension, termination and/or date of separation of employment.

**RESPONSE:**

REQUEST No. 14. Produce from the personnel file created and maintained by Defendant for Robinson Petit-Bien any and all documents (excluding private and medical information) regarding his job application, references, employment history, training, promotion, progression, attendance, leave of absence, performance, audit, reviews, discipline, reprimand, coaching or counseling, suspension, termination, complaint and/or of or regarding Robinson Petit-Bien

**RESPONSE:**

REQUEST No. 15. To the extent not already provided, produce any and all emails, notes, memos or other documents created, received or copied to any of Defendant's agents, servants, managers, supervisors, administrators, directors, and/or human resources representatives during the past three (3) years concerning Robinson Petit-Bien.

**RESPONSE:**

REQUEST No. 16. To the extent not already provided, produce any and all emails, notes, memos, letters, communications, correspondence, recordings (audio or video), data entries or statements created, received or in possession of any of Defendant's agents, servants, managers, supervisors, administrators, directors, human resources representatives concerning Robinson Petit-Bien during the past three (3) years.

**RESPONSE:**

REQUEST No. 17. To the extent not already provided, produce any and all emails, notes, memos, letters, communications, correspondence, recordings (audio or video), data entries or statements created by or for any and all employees at Defendant who played a role in the decision to remove Plaintiff from management training at Defendant's restaurant located on Franklin Street in Michigan City, Indiana.

**RESPONSE:**

REQUEST No. 18. To the extent not already provided, produce any and all emails, notes, memos, letters, communications, correspondence, recordings (audio or video), data entries or statements created by or for any and all employees at Defendant who played a role in the decision to remove Plaintiff from the work schedule at Defendant's restaurant located on Franklin Street in Michigan City, Indiana.

**RESPONSE:**

REQUEST No. 19. To the extent not already provided, produce any and all emails, notes, memos, letters, communications, correspondence, recordings (audio or video), data entries or

statements created by or for any and all employees at Defendant who played a role in the decision not schedule Plaintiff for work as a team member at Defendant's restaurant located on Franklin Street in Michigan City, Indiana.

**RESPONSE:**

REQUEST No. 20. To the extent not already provided, produce any and all emails, notes, memos, letters, communications, correspondence, recordings (audio or video), data entries or statements created by or for any and all employees at Defendant that concern any complaints by the Plaintiff and/or Defendant's investigation of those complaints.

**RESPONSE:**

REQUEST No. 21. To the extent not already provided, produce any and all emails, notes, memos, letters, communications, correspondence, recordings (audio or video), data entries or statements created by or for any and all employees at Defendant that concern any complaints about Gloria Reed and/or Defendant's investigation of Gloria Reed.

**RESPONSE:**

REQUEST No. 22. To the extent not already provided, produce any and all emails, notes, memos, letters, communications, correspondence, recordings (audio or video), data entries or statements created by or for any and all employees at Defendant that concern any complaints Robinson Petit-Bien and/or Defendant's investigation of Robinson Petit-Bien.

**RESPONSE:**

REQUEST No. 23. Produce all pay stubs, time cards and work schedules for the Plaintiff from January 20, 2015 through February 28, 2015, which identifies the days/hours scheduled to work, number of hours worked, rate of pay, period of payment, unexcused absences, tardiness and any excused absences.

**RESPONSE:**

REQUEST No. 24. Produce all pay stubs, time cards and work schedules for all individuals employed as a Shift Manager at Defendant's restaurant located on Franklin Street in Michigan City, Indiana, from January 20, 2015, through the present, which identifies the days/hours scheduled to work, the number of hours worked, rate of pay, period of payment, absences, tardiness and any excused absences.

**RESPONSE:**

REQUEST No. 25. Produce all pay stubs, time cards and work schedules for all individuals employed for management training at Defendant's restaurant located on Franklin Street in Michigan City, Indiana, from January 20, 2015, through the present, which identifies the days/hours scheduled to work, the number of hours worked, rate of pay, period of payment, absences, tardiness and any excused absences.

**RESPONSE:**

REQUEST No. 26. To the extent not already provided, produce all documents or other tangible things obtained by Defendant from any third-party or non-party relating to or arising from this matter, including those items obtained through the use of an authorization and/or subpoena including, but not limited to, any records from Indiana Department of Workforce Development, the Equal Employment Opportunity Commission, physical health records concerning the Plaintiff, employment history of the Plaintiff, and any other documents pertaining to this matter.

**RESPONSE:**

REQUEST No. 27. To the extent not already provided, produce all documents or other tangible things obtained by Defendant concerning Gloria Reed, including, but not limited to, any records from Indiana Department of Workforce Development, the Equal Employment Opportunity Commission, employment history of Gloria Reed, references for Gloria Reed, and any other responsive documents.

**RESPONSE:**

REQUEST No. 28. To the extent not already provided, produce all documents or other tangible things obtained by Defendant from any non-party (including without limitation the Indiana Department of Workforce Development, Indiana Department of Labor, and Equal Employment Opportunity Commission) which regard Gloria Reed, and/or Robinson Petit-Bien.
**RESPONSE:**

REQUEST No. 29. To the extent not already provided, produce all documents or other tangible things obtained by Defendant from any non-party (including without limitation the Indiana Department of Workforce Development, Indiana Department of Labor, and Equal Employment Opportunity Commission) regarding any and all males or non-pregnant females at Defendant's restaurant located on Franklin Street in Michigan City, Indiana, from January 20, 2015 through the present.
**RESPONSE:**

REQUEST No. 30. To the extent not already provided, produce any and all of information about the Plaintiff from Defendant's data and document system, including but not limited to Defendant's email system, SPAM or other security or content filters, hardware configuration, software configuration, network configuration, internet structure and document and data retention systems.
**RESPONSE:**

REQUEST No. 31. Produce a copy of Defendant's policies and procedures regarding the Title VII of the Civil Rights Act of 1964, as amended, in effect during Plaintiff's employment at Defendant.
**RESPONSE:**

REQUEST No. 32: Please produce all of your policy manuals, policy statements, employee handbooks, or any other documents that were in effect during Plaintiff's employment at Defendant that evidence, refer to, or relate to any job description, objectives, responsibilities and requirements for an employee holding the position of manager in training, Shift Manager and/or team member.

**RESPONSE:**

REQUEST No. 33: Please produce all of your policy manuals, policy statements, employee handbooks, or any other documents that were in effect during Plaintiff's employment at Defendant that evidence, refer to, or relate to sex discrimination, pregnancy discrimination and/or retaliation.
**RESPONSE:**

REQUEST No. 34. Produce a copy of Defendant's policies and procedures regarding the Pregnancy Discrimination Act in effect during Plaintiff's employment at Defendant.
**RESPONSE:**

REQUEST No. 35: Please produce all of your policy manuals, policy statements, employee handbooks, or any other documents that were in effect during Plaintiff's employment at Defendant that evidence, refer to, or relate to Defendant's procedure for complaint about discrimination and/or retaliation.
**RESPONSE:**

REQUEST No. 36: Please produce all of your policy manuals, policy statements, employee handbooks, or any other documents that were in effect during Plaintiff's employment at Defendant that evidence, refer to, or relate to Defendant's policy concerning attendance and missing time from work and/or concerning Defendant's progressive discipline policy.
**RESPONSE:**

REQUEST No. 37: Please produce all of your policy manuals, policy statements, employee handbooks, or any other documents that were in effect during Plaintiff's employment at Defendant that evidence, refer to, or relate to Defendant's policy concerning hiring, promotion, demotion, transfer and/or any other change in job title or position at Defendant.
**RESPONSE:**

REQUEST No. 38: Please produce all of your policy manuals, policy statements, employee handbooks, or any other documents that were in effect during Plaintiff's employment at Defendant that evidence, refer to, or relate to Defendant's policy in regards to wage payment, complaint for unpaid or underpaid wages, and/or complaint of violation of the Fair Labor Standards Act and/or retaliation for making wage-related complaint.

**RESPONSE:**

REQUEST No. 39: To the extent not already provided, produce any and all documents related to each verbal or written counseling, discipline or reprimand involving the Plaintiff during her employment at Defendant including without limitation any notes or emails by the individual who disciplined, counseled or reprimanded the Plaintiff and/or which identifies any witnesses to the discipline, counseling or reprimand.

**RESPONSE:**

REQUEST No. 40. Produce documentation reflecting date, time and place of any and all training Defendant provided to Gloria Reed wherein Title VII of the Civil Rights Act of 1964, as amended, the Pregnancy Discrimination Act, sex discrimination and/or retaliation were covered as a topic.

**RESPONSE:**

REQUEST No. 41: To the extent not already provided, produce all brochures, pamphlets, warnings, instructions, training information, documents, or other information that were in effect during Plaintiff's employment with you which you distributed to Gloria Reed regarding Title VII of the Civil Rights Act of 1964, as amended, the Pregnancy Discrimination Act, sex discrimination and/or retaliation.

**RESPONSE:**

REQUEST No. 42. Produce documentation reflecting date, time and place of any and all training Defendant provided to Robinson Petit-Bien wherein Title VII of the Civil Rights Act of 1964, as amended, the Pregnancy Discrimination Act, sex discrimination and/or retaliation were covered as a

topic.
**RESPONSE:**

REQUEST No. 43: To the extent not already provided, produce all brochures, pamphlets, warnings, instructions, training information, documents, or other information that were in effect during Plaintiff's employment with you which you distributed to Robinson Petit-Bien regarding Title VII of the Civil Rights Act of 1964, as amended, the Pregnancy Discrimination Act, sex discrimination and/or retaliation.
**RESPONSE:**

REQUEST No. 44. To the extent not already provided, produce any and all documents relating to any complaint, investigation, audit, review, discipline, reprimand, counseling or coaching of the Plaintiff concerning hours scheduled, hours worked and/or attendance (including, but not limited to, tardies, absences, call-offs, leave early, *etc.*) during her employment at Defendant.
**RESPONSE:**

REQUEST No. 45. To the extent not already provided, produce any and all documents relating to any complaint, investigation, audit, review, discipline, reprimand, counseling or coaching of males and non-pregnant females employed at Defendant's restaurant located on Franklin Street in Michigan City, Indiana, from January 20, 2015 through the present concerning hours scheduled, hours worked and/or attendance (including, but not limited to, tardies, absences, call-offs, leave early, *etc.*).
**RESPONSE:**

REQUEST No. 46. Please produce any and all applications, whether submitted online or in paper form, for employment at Defendant's restaurant located on Franklin Street in Michigan City, Indiana, from January 1, 2015 through the present. This request specifically seeks all job application for the positions of Team Member, Shift Manager and management training.
**RESPONSE:**

REQUEST No. 47. Please produce all documents in your possession, at your control, or to your knowledge which exist, which you claim substantiate each denial pled in your Answer to Plaintiff's Complaint.
**RESPONSE:**

REQUEST No. 48. Please produce all documents which relate to, refer to or support any allegations made by the Defendant that its decisions and actions with respect to Plaintiff's employment were based on legitimate, non-discriminatory, non-retaliatory reasons and were undertaken in good faith, without any malice, and without any intent to injure or harm Plaintiff.
**RESPONSE:**

REQUEST No. 49. Please produce all documents which relate to, refer to or support, any allegations made by the Defendant that Plaintiff failed to mitigate damages.
**RESPONSE:**

REQUEST No. 50. Please produce all documents which relate to, refer to or support any allegations made by the Defendant that it offered any preventative or corrective opportunities to Plaintiff to avoid harm.
**RESPONSE:**

REQUEST No. 51. Please produce all documents which relate to, refer to or support any allegations made by the Defendant that it is not liable for punitive damages to the extent any managerial agents made employment decisions that are contrary to Defendant's good faith efforts to comply with the law.
**RESPONSE:**

REQUEST No. 52. Please produce all documents which relate to, refer to or support any allegations made by the Defendant that Plaintiff's claims are barred by her failure to satisfy any

applicable conditions precedent to suit.

**RESPONSE:**

REQUEST No. 53.   Please produce all documents which relate to, refer to or support any allegations made by the Defendant that it exercised reasonable care to prevent and correct promptly any discriminatory behavior complained of by the Plaintiff.

**RESPONSE:**

REQUEST No. 54.   Please produce all documents which relate to, refer to or support any allegations made by the Defendant that any adverse employment action taken against the Plaintiff was for legitimate, nondiscriminatory and non-retaliatory reason.

**RESPONSE:**

REQUEST No. 55.   Please produce all documents which relate to, refer to or support any allegations made by the Defendant that Plaintiff's remedies may be limited or foreclosed by the after-acquired evidence doctrine.

**RESPONSE:**

REQUEST No. 56.   Please produce all documents which relate to, refer to or support any allegations made by the Defendant that any actions or inactions taken by Gloria Reed towards the Plaintiff were committed outside the scope of her employment at Rally's and not in performance of any duty Gloria Reed owed to Defendant.

**RESPONSE:**

REQUEST No. 57.   Please produce all documents which relate to, refer to or support any allegations made by the Defendant that any actions or inactions taken by Robinson Petit-Bien towards the Plaintiff were committed outside the scope of her employment at Rally's and not in performance of any duty Robinson Petit-Bien owed to Defendant.

**RESPONSE:**

REQUEST No. 58.  Please produce all documents which relate to, refer to or support any allegations made by the Defendant that a third-party not owing any duty to Defendant committed any wrongful or unlawful acts against the Plaintiff during her application process and employment at Rally's.

**RESPONSE:**

REQUEST No. 59.  Please produce all documents which relate to, refer to or support any allegations made by the Defendant that it did not have knowledge of, participate in, authorize, condone or ratify any wrongful or unlawful actions in regards to the Plaintiff.

**RESPONSE:**

REQUEST No. 60.  Please produce all documents which relate to, refer to or support any allegations made by the Defendant that it did not commit any act with malice or reckless indifference to Plaintiff's protected rights, approved, authorized or ratified, or had actual or constructive knowledge of any such acts.

**RESPONSE:**

REQUEST No. 61.  Produce any and all documents or tangible things that you intend or anticipate offering into evidence in deposition (through either affidavit, live or deposition testimony) or in a dispositive motion, or which may be used to refresh the recollection of a witness at deposition, concerning or relating to any of the allegations contained in Plaintiff's Complaint or Defendant's Answers and Affirmative Defenses pled in your Answer to Plaintiff's Complaint.

**RESPONSE:**

REQUEST No. 62.  Produce any and all documents which you claim impeach(es) any part of the Plaintiff's testimony, or allegations by the Plaintiff in the Plaintiff's Complaint.

**RESPONSE:**

REQUEST No. 63. Please produce all documents identified, or that should have been identified, in Defendant's Trial Rule 26(f) disclosures.
**RESPONSE:**

REQUEST No. 64. Produce a copy of any and all written or recorded statements, correspondence, memos, and/or notes with respect to verbal statements or conversations made in any form by any person regarding any of the events or happenings that occurred in regard to the incidents referred to in Plaintiff's Complaint or Defendant's Answer thereto.
**RESPONSE:**

REQUEST No. 65. To the extent not already provided, produce all statements of witnesses or potential witnesses or persons interviewed in connection with any complaints made to the Defendant by Gloria Reed or the Plaintiff.
**RESPONSE:**

REQUEST No. 66. Produce the most current resume and/or *curriculum vitae* of every expert witness you may call to testify at trial (through live or deposition testimony) or to use in an Affidavit for purposes of any dispositive motion you anticipate filing in this matter, along with:
    a.    The area of specialization;
    b.    The substance of the facts or opinions on which he or she is expected to testify;
    c.    A summary of the grounds for the expert's opinion; and
    d.    All work product prepared by or at the direction of your expert.
**RESPONSE:**

REQUEST No. 67. Produce the following:
    a.    any report of any expert expressing an opinion regarding any issue in this case;
    b.    any document generated by, or provided to, any testimonial experts in this case;
    c.    all documents, including all tangible reports, maps, compilations of data or other materials sent to, reviewed by, relied upon, or prepared by every expert you may call to testify at trial (through either live or deposition testimony), or to use in an

                Affidavit for purposes of any dispositive motion you anticipate filing in this matter, which concerns any aspect of this lawsuit;

d.     the most current resume of every expert used for consultation whether or not expected to testify at trial (through either live or deposition testimony) if the expert's work product forms a basis, either in whole or in part, of any opinions of an expert who you may call to testify at trial, or if any exert who may testify at trial has received any documents from or talked to any consulting expert; and

e.     material provided to, reviewed by, generated by, or prepared by every expert used for consultation even if it was generated or prepared in anticipation of litigation or for trial if it forms the basis, either in whole or in part, of the opinions of an expert who you may call to testify at trial (through either live or deposition testimony), or to use in an Affidavit for purposes of any dispositive motion you anticipate filing in this matter, or if any testifying expert has received documents from or talked to any consulting expert. This Request includes all invoices or bills generated by said experts.

**RESPONSE:**

REQUEST No. 68. Produce any and all documents referred to, reviewed, generated, described or received by Defendant in the preparation of answers to the Plaintiff's accompanying set of Interrogatories to Defendant.

**RESPONSE:**

                                          Respectfully submitted,
                                          **Blachly, Tabor, Bozik & Hartman, LLC**

                                          Colby A. Barkes (#26251-64)
                                          56 Washington Street, Suite #401
                                          Valparaiso IN 46383
                                          Phone: 219-464-1041
                                          Fax: 219-464-0927
                                          cabarkes@btbhlaw.com
                                          Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on the 29th day of August, 2017, service of a true and complete copy of the foregoing was made upon each party or attorney of record herein by facsimile to 813-318-5900 and 317-636-2408, by email to: *mccrear@gtlaw.com*, *andrewsni@gtlaw.com*, *sanfilippos@gtlaw.com* and *sandres@duedoyle.com*, and by depositing same in the United States mail in envelopes properly addressed, with sufficient first class postage affixed, to the following:

Richard C. McCrea, Jr.
Nicholas S Andrews
Sara G. Sanfilippo
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, FL 33602

Scott E. Andres, Esq.
DUE DOYLE FANNING & ALDERFER, LLP
8440 Allison Pointe Blvd, Suite #350
Indianapolis, IN 46250

BLACHLY, TABOR BOZIK & HARTMAN LLC

_/s/ Carol A. Compton_