UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TAYLOR (SMITH) BURKS,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) Case No: 3:17-cv-316 PPS-MGG<br>) |
| CHECKERS DRIVE-IN RESTAURANTS, INC.,<br>d/b/a RALLY'S and WELLSPRING CAPITAL<br>MANAGEMENT INC., d/b/a RALLY'S,<br>    Defendants. | )<br>)<br>)<br>)<br>) |

## AGREED PROTECTIVE ORDER

Plaintiff, Taylor (Smith) Burks, by counsel, and Defendant, Checkers Drive-In Restaurants, Inc. d/b/a Rally's, by counsel, pursuant to Rule 26 of the Federal Rules of Civil Procedure agree to the following terms and conditions regarding discovery in this cause. The proposed Protective Order is limited to pre-trial discovery only. If a party desires documents or information to be sealed from public record, the party must demonstrate good cause for such action in accordance with Federal Rule of Civil Procedure 26(c). The Parties requests that the Court approve the terms of this proposed Protective Order, as follows:

1.      Definition of Confidential Information

As used herein, the term "Confidential Information" means information or documents of any kind pertaining to, but not limited to, the following:

(a) Non-public business or proprietary records of Defendant, Checkers Drive-In Restaurants Inc. d/b/a Rally's (hereinafter "Rallys");

(b) Any non-public business records the disclosure of which could result in competitive or economic harm to Rallys;

(c) Any non-public financial information about Rallys;



- 2 -

(d) Any records or documents relating to healthcare information and/or worker's compensation information relating to any current or former employees of Rallys;

(e) Date of birth and social security number for any current and former employees of Rallys; and

(f) Plaintiff's date of birth and social security number; tax returns, financial documents or other personal financial information of Plaintiff; and healthcare records and information of Plaintiff.

Any document encompassing the above information contains information not readily available to the general public. Some of these documents contain medical information, personal and highly confidential information relating to non-parties to this action.

Confidential Information shall refer to all such designated information released after the entry of this protective order whether revealed during a deposition, in a document, or by production of tangible evidence or otherwise.

2. <u>Identification and Designation of Confidential Information</u>

Each Party shall designate to the other Party which materials are considered confidential (the "Designating Party"). Information designated as confidential shall be identified as such by the words "Confidential – Protective Order", or the like. Such words shall be placed on or affixed to each document and page thereof which contains Confidential Information.

3. <u>Protection of Confidentiality</u>

Confidential Information and any notes, summaries, memoranda, exhibits or other documents which include or describe Confidential Information, shall be retained by counsel for the Party to whom disclosure of the Confidential Information was made (the "Recipient Party") and, except as provided in Paragraph 4, shall not be disclosed to any person, including the Party represented

by that counsel, or used by counsel for any Party other than for purposes of this action. Persons to whom access to Confidential Information is given pursuant to this Order shall keep such information and any copies, abstracts or summaries thereof secure in accordance with the purposes and intent of this Order and shall adopt and employ all suitable precautions to ensure continued confidentiality, non-use and non-disclosure including, without limitation, such precautions as protection against unauthorized copying and provision for safekeeping.

4. <u>Access to Confidential Information</u>

Except as provided herein, in Paragraph 5 below or by Court order, persons entitled to have access of Confidential Information produced by another Party shall be restricted to the following:

(a) Counsel for each Party who are charged with the responsibility for, or are actively engaged in, preparation for trial or the trial of this action, and employees of such counsel for whom access to such material is necessary to perform their duties with respect to the case;

(b) The Parties to this litigation, and the designed employee representatives or officers for the Parties, who qualify for access under Paragraph 5 herein; and

(c) Experts and consultants retained by a Party who qualify for access under Paragraph 5 herein.

5. <u>Conditions to Access to Confidential Information</u>

Before disclosure of Confidential Information is made to any person specified in Paragraph 4 [other than the Parties and counsel for each Party and employees of such counsel as discussed in Paragraph 4], that person shall first read a copy of this Order, agree to be bound by it and sign a written agreement (the "Confidentiality Agreement"), a copy of which is appended hereto. Each

Party's counsel shall maintain a list of all persons to whom they disclose Confidential Information and shall retain a copy of all Confidentiality Agreements signed by such persons.

6. Depositions

Any deposition or portion thereof during which Confidential Information is being disclosed shall be taken as if in camera without any persons in attendance other than those described in Paragraph 4 hereof, the deposition witness and court reporters.

7. Confidential Information to be Filed in Court

If the Recipient Party desires to make Confidential Information a matter of public record by filing such Confidential Information with the Court, the Recipient Party must notify the Designating Party within at least ten (10) days of filing any such Confidential Information and make application to, or allow the Designating Party to make application to, the Court for sealing the Confidential Information for good cause.

8. Time for Designation of Confidential Information

Each Party shall, at the time of the deposition, if possible, but not later than thirty (30) days following the date of mailing of the deposition transcript, designate those portions of the deposition testimony which it deems to contain Confidential Information.

9. Dispute as to Confidentiality

Any Party may contest the confidential status of any information designed as Confidential Information.  If a Party disagrees with any designation of any information as confidential, it shall notify counsel for the other Party and they shall attempt to resolve the dispute by agreement.  If the dispute is not so resolved, the information shall continue to be kept confidential unless and until the Court rules otherwise in accordance with the Federal Rules of Civil Procedure.  At any hearing to determine the confidential status of any information, the Party designating the

information as confidential shall have the burden of showing why such information should be confidential.

10. Public Information

Any information which has been designated as confidential and was also legally and properly within the public domain prior to its being designated confidential need not be treated as Confidential Information.

11. Other Persons

Each Party reserves the right to oppose on any grounds disclosure of any Confidential Information to persons not designated in Paragraph 4. In the event that any person or entity joins this litigation as a party, the additional party shall be notified of and bound by the terms and conditions of this Order.

12. Conclusion of Litigation

After the conclusion of this Litigation, the provisions of this Protective Order shall continue to be binding.

13. Amendment

This Order may be amended by the written agreement of counsel for the Parties in the form of a stipulation that shall be approved by the Court and filed herein.

14. Disposition on Termination of Action

After the final termination of this action, and unless the Parties agree otherwise, each Party shall assemble and make available for return to the Designating Party within 45 days all documents containing Confidential Information. all copies of the Documents and related information shall either be returned or destroyed including, but not limited to, the Documents

and related information that is in the possession, custody, or control of any of the Parties or any of those persons given access to the Documents and information contained therein pursuant.

15.     <u>Challenges to the Protective Order by a Party or Members of the Public</u>

Any Party or interested member of the public may challenge the sealing of particular documents.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| **BLACHLY TABOR BOZIK & HARTMAN, LLC**<br>Attorney for Plaintiff | **GREENBERG TRAURIG, P.A.**<br>Attorneys for Defendant |
| By:   /s/ Colby A. Barkes<br>     Colby A. Barkes (#26251-64)<br>     56 S. Washington Street<br>     Suite #401<br>     Valparaiso, IN 46383<br>     Ph. 219-464-1041<br><br>     Dated: August 29, 2017 | By: _____<br>     Richard C. McCrea, Jr.<br>     Sara G. Sanfilippo<br>     Nicholas S Andrews<br>     101 E. Kennedy Blvd., Ste. #1900<br>     Tampa, FL 33602<br>     Ph. (813) 318-5700<br><br>Dated: _____<br><br>**DUE DOYLE FANNING & ALDERFER LLP**<br>Attorney for Defendant<br><br>By: _____<br>     Scott E. Andres, Esq.<br>     8440 Allison Pointe Blvd.<br>     Suite #350<br>     Indianapolis, IN 46250<br><br>Dated: _____ |

Approved this _____ day of _____, 2017.

_____
MAGISTRATE JUDGE, U. S. District Court
Northern District of Indiana, South Bend Division

## **AGREEMENT TO PROTECT CONFIDENTIAL INFORMATION**

I am fully familiar with the Agreed Protective Order of the United States District Court, Northern District of Indiana, Hammond Division, issued on the _____ day of _____, 20___, in the case of *Taylor (Smith) Burks v. Checkers Drive-In Restaurants, Inc., d/b/a Rally's*, Cause No. 3:17-cv-316, a copy of which Order has been delivered to me to keep with my copy of this Agreement, and agree to be bound by all terms of said Order and hereby covenant not to use or disclose the confidential information to be disclosed to me except as stipulated in said Order. I understand that the term "Confidential Information" has the meanings provided in said Order.

_____
Signature

_____
Names Printed

_____
Street Address

_____
City                          State                Zip